UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN SOUSA,<br>        Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO.<br>:   3-05CV822 (JCH) |
| ARTHUR ROQUE JR et. al.,<br>        Defendants. | :<br>:<br>:   DECEMBER 16, 2005 |

**RULING ON PLAINTIFF'S MOTION TO DISMISS [Dkt. No. 6]**

**I.    INTRODUCTION**

Plaintiff Bryan Sousa ("Sousa"), a former employee of the Connecticut Department of Environmental Protection ("DEP"), brings an action against defendants Arthur Roque, Commissioner of the DEP[1]; Robert Kaliszewski, Sousa's supervisor at the DEP; Joanne Driver, a DEP personnel officer; William Evans, a Bureau Chief of the DEP Personnel/Bureau of Financial and Support Services; and Jane Stahl, Deputy Commissioner of the DEP (collectively, "defendants").  Sousa sues each of these defendants in his or her individual capacity.  Although Sousa brings both federal and state claims, defendants move to dismiss only the state common law claims for negligent and intentional infliction of emotional distress.  They assert that the claim for negligent infliction of emotional distress is barred by statutory and sovereign immunity, and that both claims should also be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Sousa alleges that each of these defendants held the stated titles "at all times relevant to this action." Compl. ¶ 4-8.

1

## II.   STANDARDS OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Fed.R.Civ.P, tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)[2] when the district court lacks the statutory or constitutional power to adjudicate

---

[2] The defendants do not specify whether the portion of their motion to dismiss resting on the ground of statutory immunity is brought under Rule 12(b)(1), Fed.R.Civ.P. (subject matter jurisdiction), or Rule 12(b)(6), Fed.R.Civ.P. (failure to state a claim). See Defs.' Mot. Dismiss [Dkt. No. 6] ("The defendants . . . hereby move to dismiss the state-law claims against them because plaintiff's claims fail under Federal Rules of Civil Procedure 12(b)(6) and are barred by statutory and sovereign immunity."). Although "[m]ost immunities are affirmative defenses," In re Stock Exchanges Options Trading Antitrust Litig., 317 F.3d 134, 151 (2d Cir. 2003) (holding that implied repeal of antitrust law does not deprive

it. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff generally has the burden of proving by a preponderance of the evidence that jurisdiction exists. Id.

## III.    FACTS

Sousa alleges that the defendants "failed and refused" to provide him with protection from workplace harassment and physical violence. He further alleges that, "[c]ommencing in 2003, the defendants entered into a conspiracy to force the plaintiff from the employment of the DEP, and began an escalating series of adverse acts designed to result in [Sousa's] termination." Compl. ¶ 17. These acts included: requiring that Sousa attend two "fitness for duty" psychiatric evaluations without justification; placing him on mandatory paid psychiatric leave from the DEP, followed by unpaid mandatory leave; denying him a continuance of medical leave by claiming that they lacked information about his condition, even though his physician and provided this information; refusing to allow the plaintiff to return to work on a "telecommuting basis"; terminating the plaintiff's employment, and "creating and perpetuating a work place environment in which the plaintiff was daily harassed and intimidated." Id. The above acts and omissions were alleged to have been intentional and "inspired by malice." As

---

federal court of subject matter jurisdiction to approve proposed settlements), immunity under section 4-165 has been treated as an issue of subject matter jurisdiction, see Martin v. Brady, 802 A.2d 814, 817 (Conn. 2002) (holding that a motion to dismiss on grounds of immunity conferred by Conn.Gen.Stat. 4-165 presented an issue of subject matter jurisdiction); Longmoor v. Nilsen, 285 F.Supp.2d 132, 135, 143 (D.Conn. 2003) (discussing motion to dismiss on grounds of section 4-165 immunity as a motion to dismiss for lack of subject matter jurisdiction); Visual Displays, Inc. v. Fields, 1993 WL 366532, at *4-*5 (D.Conn. Aug 24, 1993) (same). Even though the defendants have not specifically styled their motion to dismiss as a 12(b)(1) motion, the parties' pleadings address the substantive issues necessary to decide such a motion. Thus, the court will treat the statutory immunity portion of the motion to dismiss as a motion to dismiss pursuant to Rule 12(b)(1).

a result of these acts and omissions, the plaintiff is alleged to have suffered emotional distress, as well as pecuniary harms and the deprivation of constitutional rights.

## IV.  DISCUSSION

### A.  Negligent Infliction of Emotional Distress

The defendants argue that Sousa's claim for negligent infliction of emotional distress is barred on grounds of statutory immunity.  Conn. Gen. Stat. § 4-165 provides that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."[3]  The parties dispute whether the injury Sousa alleges was "wanton, reckless or malicious." In order to prove that this exception to immunity should apply,

> the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them.

Shay v. Rossi, 749 A.2d 1147, 1172 (Conn. 2000) (internal citation and quotation marks omitted), overruled on other grounds by Miller v. Egan, 828 A.2d 549, 565 (Conn. 2003); Martin v. Brady, 802 A.2d 814, 819 (Conn. 2002) (quoting Shay).

Although Sousa does allege that defendants' acts were "intentional" and "inspired by malice," Compl. ¶ 19, such allegations may properly be considered part of

---

[3]The defendants are all alleged to be state officers or employees, bringing them within the purview of the statute.

the claim for intentional infliction of emotional distress,[4] rather than the claim for negligent infliction of emotional distress. Cf. Barstow v. Shea, 196 F.Supp.2d 141, 151 (D.Conn. 2002) (holding that where factual allegations asserted as part of negligent infliction of emotional distress claim effectively stated a claim for intentional infliction of emotional distress, and the plaintiff had also asserted a claim for intentional infliction, the factual allegations were properly considered as part of the latter claim).

In addition to the allegations of intentional conduct, Sousa alleges that the defendants "negligently inflicted emotional distress upon the plaintiff." Compl. at ¶ 21. As the Connecticut Supreme Court discussed in Shay, the "wanton, reckless or malicious" exception to section 4-165 immunity does not apply where defendants are alleged to have acted negligently. See Barstow v. Shea, 196 F.Supp.2d 141, 151 (D.Conn. 2002) (holding that claim for negligent infliction of emotional distress was barred by section 4-165) (summary judgment ruling) (citing Le v. Connecticut Dep't of Transp., No. CV 980491121S, 1999 WL 619631, *4 (Conn.Super.Aug.4, 1999) (holding that negligent infliction of emotional distress claim was barred by section 4-165 because it did not fall within any exception to the immunity doctrine); Cates v. State of Connecticut Dep't of Corrections, No. 3:98CV2232(SRU), 2000 WL 502622, *14 (D.Conn. April 13, 2000) (same) (motion to dismiss)). Thus, the claim for negligent infliction of emotional distress is barred by the defendants' section 4-165 immunity, and the court lacks subject matter jurisdiction over this claim.[5]

---

[4] Defendants do not argue that the intentional infliction of emotional distress claim is barred by section 4-165 immunity, and therefore the court does not consider such a claim.

[5] Because the court does not have jurisdiction over this claim, it will not reach the question of whether Sousa adequately pled the substantive elements of the claim.

### B.     Intentional Infliction of Emotional Distress

Defendants argue that Sousa has failed to state a claim for intentional infliction of emotional distress because he has not alleged sufficiently "extreme and outrageous" behavior by defendants. The elements of intentional infliction of emotional distress are well-established:

> It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

Carrol v. Allstate Ins. Co., 815 A.2d 119, 126 (Conn. 2003) (quoting Appleton v. Bd. of Edu. of the Town of Stonington, 757 A.2d 1059, 1062 (Conn. 2000)).  In the motion to dismiss, the defendants argue that Sousa has failed to adequately allege the second element of this test, and the court will therefore discuss only that element.

Whether defendants' conduct was sufficiently "extreme and outrageous" is initially a question for the court to decide. Appleton, 757 A.2d at 1062 (quoting Bell v. Bd. of Educ., 739 A.2d 321, 327 (1999)); Whitaker v. Haynes Const. Co., Inc., 167 F. Supp. 2d 251, 254 (D. Conn. 2001).  Only where reasonable minds may disagree on this question does it become an issue for a jury.  Id.

The Connecticut Supreme Court has defined extreme and outrageous conduct as that which "exceeds all bounds usually tolerated by decent society."  Carrol, 815 A.2d at 126 (quoting Petyan v. Ellis, 510 A.2d 1337, 1342 n.5 (Conn. 1986)).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which

> the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous!

Id. (citing Restatement (Second) of Torts § 46, cmt d (1965)). "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." Id. (quoting Appleton, 757 A.2d at 1062). Rather, the conduct must be "of a nature that it is especially calculated to cause, and does cause, mental distress of a very serious kind." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 194 (D.Conn. 2000; Petyan, 510 A.2d at 1342 n.5 (quoting W. Prosser & W. Keeton, Torts (5th ed. 1984) § 12, p. 60). This high standard is applied in a fact-specific manner. See Knight v. Southeastern Council On Alcoholism, No. CV 000557182, 2001 Conn. Super. LEXIS 2732, at *11 (Conn. Super. Sep. 24, 2001) (granting motion to strike complaint).

"In the employment context, it is the employer's conduct, not the motive behind the conduct, that must be extreme or outrageous." Miner, 126 F. Supp. at 195 (internal citation omitted). Routine employment action, even if undertaken with improper motivations such as those alleged in the Complaint, does not constitute extreme or outrageous behavior. See id.; Adams v. Hartford Courant, No. 3-03-cv-0477 (JCH), 2004 U.S. Dist. LEXIS 8546, at *12 (May 14, 2003) (holding that plaintiff did not adequately allege extreme and outrageous acts where she alleged defendants failed to provide her with a desk, pager, or essential training tools, delayed her receipt of business cards, required her to attend work-related meetings; delayed recognition for her achievements; failed to enter her name in the system necessary to receive stock

option cash-outs; refused to promote her or give preferred assignments; terminated her; and subjected her to insults); Javier v. Engelhard Corp., No. 3:00CV2301 (JCH), 2001 U.S. Dist. Lexis 17341 at *14 (D. Conn. Oct. 1, 2001) (finding allegations that a plaintiff was not promoted alongside other new employees, was terminated, insulted, and excluded from training and company publications insufficient to state a claim). Moreover, "insults, verbal taunts, threats, indignities, annoyances, petty oppressions, or conduct that displays bad manners or results in hurt feelings" are not sufficient to support a claim for intentional infliction of emotional distress. Miner, 126 F. Supp. 2d at 195 (citations omitted); see also Perodeau v. City of Hartford, 792 A.2d 752, 769 (Conn. 2002) (stating that individuals in the workplace should expect to be subject to "workplace gossip, rivalry, personality conflicts and the like").  The Connecticut Supreme Court has held that an employer's behavior was not extreme and outrageous where the employer made condescending comments to an employee in front of co-workers, called her daughter to say that the employee was behaving differently and should take time off from work, subjected the employee to two psychiatric evaluations, placed her on paid leave, and ultimately forced her to resign.  Appleton, 757 A.2d at 1063 (reviewing summary judgment); see also Sizer v. Connecticut Post, CV020398342, 2004 Conn. Super. LEXIS 8 (Jan. 9, 2004) (striking intentional infliction of emotional distress claim at the pleading stage for failure to allege extreme and outrageous behavior where defendant employer allegedly had promised plaintiff he could return to work after recovering from an accident suffered while performing his job, but then terminated him by letter).

Sousa's allegations that the defendants subjected him to psychiatric examinations, mandatory leave, and termination do not make out a claim of extreme and outrageous behavior.  Moreover, defendants' refusal to allow Sousa to extend his medical leave and their rejection of his request to work from home, as alleged, are also routine employment actions.  Cf. Hernandez v. City of Hartford, 30 F. Supp. 2d 268, 273 (D.Conn. 1998) (overturning a jury verdict of negligent infliction of emotional distress on the ground that the city could not reasonably have foreseen that its refusal to allow plaintiff to work from home despite doctor's recommendation would entail an unreasonable risk of causing mental distress to plaintiff that could lead to bodily harm or serious illness).

Sousa further alleges, however, that the defendants failed to protect him from workplace violence and "creat[ed] and perpetuat[ed] a workplace environment in which the plaintiff was daily harassed and intimidated." Such conduct does not constitute not a routine employment action.  The court notes that merely alleging a hostile work environment or verbal harassment does not suffice to make out a claim for intentional infliction of emotional distress, even at the pleading stage.  See, e.g., Knight, 2001 Conn. Super. LEXIS 2732, at *8-*15 (holding that plaintiff had not stated a claim for intentional infliction of emotional distress where she alleged that her supervisor created a hostile work environment, as well as speaking rudely to her and belittling her, refusing to speak to her, misrepresenting her job performance, and retaliating against her by having co-workers write negative comments for her personnel file); Taylor v. Maxxim Med., Inc., No: 3:99CV338(AHN), 2000 U.S. Dist. LEXIS 19727 (D. Conn. 2000) (dismissing intentional infliction claim because allegations that employers "falsely

9

accused [plaintiff employee] of disclosing trade secrets, took improper disciplinary action against him, blamed, harassed and embarrassed him for the mistakes of others, ridiculed him, rejected his work and placed him on probation while he was on medical leave" did not entail extreme and outrageous conduct).  However, some forms of daily harassment and intimidation could reasonably be found to be so intolerable as to be extreme and outrageous.  See, e.g., Juleson v. Masterson, CV020466932S, 2004 Conn. Super. LEXIS 1878 (July 13, 2004) (denying motion to strike intentional infliction claim where plaintiff alleged that the defendant supervisor encouraged the plaintiff's coworkers to harass and intimidate her in various ways, including "making false complaints to the police about parental neglect, disabling [plaintiff's] workstation chair so it [would] fall[] apart when sat on, and intentionally spraying work surfaces with products known to be noxious to [the plaintiff]"); Moss v. Town of East Haven, CV970407351S, 2001 Conn. Super. LEXIS 2208, at *6-*7 (Aug. 8, 2001) (finding a genuine question of material fact as to whether defendants' behavior was extreme and outrageous where plaintiff alleged that a police officer, "with his hand on his exposed service revolver, subjected the plaintiff 'to harsh, hostile and threatening questions,'" so as to prevent him from leaving the officer's presence); Stack v. Perez, 248 F. Supp. 2d 106, 110 (D.Conn. 2003) (refusing to dismiss a complaint in part because the plaintiff might be able to prove at trial that the defendant police officer "physically threatened the plaintiff with harm").  Therefore, in light of the "short and plain statement" pleading requirement of Rule 8(a), Fed.R.Civ.P., Sousa has sufficiently pled a cause of action for extreme and outrageous conduct so as to put defendants on notice "of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema N. A.,

534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). His claim for intentional infliction of emotional distress survives the defendants' motion to dismiss.

### C. Non-Served Defendant

The motion to dismiss notes that defendant Arthur Rocque[6] has not been served with the Complaint, and therefore he does not join the motion. The court does not find a record of service on the Complaint. It therefore orders Sousa to show cause why the complaint against Rocque should not be dismissed for failure to prosecute.

### V. CONCLUSION

For the foregoing reasons, the defendants' Motion to Dismiss [**Dkt. No. 6**] is GRANTED with respect to Sousa's claim for negligent infliction of emotional distress and DENIED with respect to his claim for intentional infliction of emotional distress. Sousa is ORDERED to show cause, within twenty-one days, why the complaint against Rocque should not be dismissed for failure to prosecute.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 16th day of December, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[6] The motion to dismiss spell this defendant's surname "Rocque," [Dkt. No. 6], whereas the complaint spells it "Roque." [Dkt. No. 1].